**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| DANIEL GIANNINI, | |
| Plaintiff, | 2005-CV-0096 |
| v. | |
| Vessel HARBOR CAT a/k/a "THE OCEAN CLUB" her engines, tackle, apparel, gear, etc., and MILEMARK, INC., | |
| Defendants. | |

TO:   Scot F. McChain, Esq.
　　　Michael Fitzsimmons, Esq.
　　　A.J. Weiss, Esq.

### ORDER REGARDING DEFENDANT HARBOR CAT'S DEMAND FOR COUNTERCLAIM SECURITY AND DEFENDANT MILEMARK'S JOINDER AND MOTION TO INCREASE AMOUNT POSTED AS SECURITY

THIS MATTER is before the Court upon Defendant Harbor Cat's Demand For Counterclaim Security (Docket No. 63). Defendant Milemark, Inc., filed a Joinder in Defendant M/V Harbor Cat's Demand For Counterclaim Security Against Plaintiff and Motion to Increase Amount Posted as Security Against Milemark's Counterclaims (Docket No. 72). Plaintiff filed an opposition to both Defendants' motions, and Defendant Harbor Cat filed a reply in support of its demand. The matter came for hearing on July 3, 2007.

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order
Page 2

Scot F. McChain, Esq., appeared on behalf of Plaintiff. Defendant Vessel Harbor Cat was represented by Michael Fitzsimmons, Esq. Defendant Milemark, Inc., failed to appear.

Having reviewed the written submissions of the parties and heard the arguments of counsel, the parties agree and the Court finds that Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims (Admiralty Rules) is applicable to the issue in dispute. Rule E(7) provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the same transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court *for cause shown*, directs otherwise.

Rule E(7)(a) Admiralty Rules (emphasis added). As the United States Supreme Court has stated,

> [t]he intent of this requirement is "to place the parties on an equality as regards security." *Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 638-39, 44 S.Ct. 220, 68 L.Ed. 480 (1924). Thus, Rule E(7)(A) creates a presumption in favor of ordering countersecurity on a counterclaim when security has been ordered on an original claim.

*Novamar Intern. Scarl v. Noble Americas Corp.*, No. C-03-2892 VRW, 2005 WL 3675963 at *1 (N.D. Cal. May 18, 2005). As Plaintiff correctly notes,

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order
Page 3

> Although the language of the rule is automatic, it is not absolute; the original seizing complainant may be excused by the court "for cause shown." *Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir.1987). The determination of "for cause shown" is relegated to the sound discretion of the trial court. *Id.* In exercising that discretion, a court should consider whether the posting of countersecurity will prevent the plaintiff from prosecuting its claims, whether the countersecurity involves the release of seized property, whether the counterclaim is frivolous, whether the counterplaintiff could have proceeded *in rem* and the potential injustice of requiring one party to post security while the other party does not. *Id.*; *Afram Lines Int'l, Inc. v. M/V Capetan Yiannis*, 905 F.2d 347 (11th Cir.1990); *Result Shipping v. Feruzzi Trading USA*, 56 F.3d 394 (2d Cir.1995).

*Seatrade Group N.V. v. 6,785.5 Metric Tons of Cement*, No. Civ.A. H-05-2771, 2006 WL 126711 (S.D. Tex. January 17, 2006).

In the matter at bar, the Court finds that Plaintiff has failed to show cause why he should not post countersecurity. The Court finds that posting countersecurity will not prevent Plaintiff from prosecuting his claims, that the counterclaim is not frivolous, and that the counterplaintiff could not have proceeded *in rem*. Consequently, the Court will grant Defendant Harbor Cat's Demand for Counterclaim Security in the amount of $50,000.00. Because Defendant Milemark, Inc., did not post security, the Court will deny it's request for additional countersecurity for said Defendant's counterclaims.

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order
Page 4

Accordingly, it is hereby **ORDERED**:

1. Defendant Harbor Cat's Demand For Counterclaim Security (Docket No. 63) is **GRANTED**.

2. Plaintiff **shall post**, within ten (10) days of the date of entry of this Order, the amount of **Fifty Thousand Dollars ($50,000)** as security on said Defendant's counterclaim.

3. Defendant Milemark's Motion to Increase Amount Posted as Security Against Milemark's Counterclaims (Docket No. 72) is **DENIED**.

ENTER:

Dated: July 9, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE