| DISTRICT COURT OF THE VIRGIN ISLANDS |
|:---:|
| DIVISION OF ST. CROIX |

DANIEL GIANNINI,

                      **Plaintiff,**

   **v.**

**Vessel HARBOR CAT a/k/a "THE OCEAN CLUB" her engines, tackle, apparel, gear, etc., and MILEMARK, INC.,**

                  **Defendants.**

                                      **2005-CV-0096**

TO:   Scot F. McChain, Esq.
       Michael Fitzsimmons, Esq.
       E. Geoffrey Wolfe, Esq.

**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT MILEMARK TO PRODUCE DISCOVERY AND DEFENDANT MILEMARK, INC.'S MOTION FOR EXTENSION OF TIME**

THIS MATTER is before the Court upon Plaintiff's Motion to Compel Defendant Milemark to Produce Discovery (Docket No. 117) and Defendant Milemark, Inc.'s Motion For Extension of Time to File an Opposition to Daniel Giannini's Motion to Compel (Docket No. 123). Defendant Milemark, Inc., filed an opposition to Plaintiff's motion, without a ruling upon said Defendant's motion for extention of time, and Plaintiff filed a reply thereto. The matter came for hearing on August 31, 2007. Scot F. McChain, Esq., appeared

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order Regarding Plaintiff's Motion to Compel
Page 2

on behalf of Plaintiff.  Defendant Milemark, Inc., was represented by E. Geoffrey Wolfe,

Esq.

Plaintiff's motion enumerates several interrogatories and demands for production

that Plaintiff asserts insufficient responses by said Defendant.  During the hearing, Plaintiff

stated that said Defendant has failed to respond adequately to other or a second set of

discovery requests.  Because those discovery issues were not raised in Plaintiff's said

motion, the Court will address only the discovery requests at issue in Plaintiff's said

motion.

Insofar as said Defendant objects or refuses to respond to the discovery requests at

issue based upon a claim of privilege, the Court finds that, in the absence of a privilege log,

any privilege that may be or may have been asserted are waived.

Having reviewed the written submissions of the parties and heard the arguments

of counsel, the Court makes the following findings:

<u>Interrogatory No. 1</u>:            Defendant   Milemark,   Inc.,   shall   provide Mr. Sperber's

birthplace, date of birth and citizenship, and Milemark's tax

identification number.

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order Regarding Plaintiff's Motion to Compel
Page 3

**Interrogatory No. 18:**   Said Defendant shall provide a narrative response detailing all discussions between Milemark representatives and Plaintiff related to the signing of the agreement.

**Interrogatory No. 21:**   Said Defendant shall provide the seller's address and contact information as well as the price and terms of sale and condition of the vessel, as requested.

**Interrogatory No. 22:**   Said Defendant shall provide information regarding other leases and/or charter agreements for the vessel in question for the eight (8) years prior to the lease/purchase agreement with Plaintiff.

**Interrogatory No. 23:**   Said Defendant shall supplement its response by providing the repair and maintenance records referenced in its original response or shall execute an authorization for release of such information from St. Croix Marine to Plaintiff.

**Interrogatory No. 24:**   Said Defendant shall supplement its response by indicating the dates of commission for each captain and any representations made by them regarding defects, needed repairs, or the unfavorable condition of the vessel.

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order Regarding Plaintiff's Motion to Compel
Page 4

Interrogatory No. 25:        Said Defendant shall supplement its response by providing the dates of the Coast Guard inspections to the extent they are known to Milemark and/or maintained in Milemark's records.

Demand For Production No. 4:        Said Defendant shall produce any and all brochures, advertisements, appraisals, and/or surveys in its possession that are responsive to such demand.

Demand For Production No. 6:        Said Defendant shall produce the contract between the parties, documents demonstrating breach and payment by Milemark of the yard bill and any and all other documents responsive to such demand.

Demand For Production No. 8:        Said Defendant shall produce the requested tax returns or execute a authorization for release of such documents to Plaintiff.  The parties shall enter into a confidentiality agreement regarding the documents and information contained therein.

Demand For Production No. 9:        Said Defendant shall produce any and all applicable insurance policies.

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order Regarding Plaintiff's Motion to Compel
Page 5

Demand For Production No. 13:    Said Defendant shall produce any and all documents regarding the seaworthiness of the vessel.

Demand For Production No. 15:    Said Defendant shall produce any and all documents that support its allegation that it entered into a note and paid $40,000.00 for repairs of the vessel.

Demand For Production No. 16:    Said Defendant shall produce any and all documents related to the sale and/or lease of the vessel.

Demand For Production No. 18:    Said Defendant shall produce any and all documents that are responsive to such demand that are not duplicative of those documents provided in response to Demand For Production No. 16.

Demand For Production No. 19:    Siad Defendant shall produce any and all documents related to repairs of the vessel, including plans, permits, correspondence, invoices, receipts, contracts, loan applications, and/or loan agreements.

In an effort to move this matter forward, the parties shall abide by the deadlines set forth below.

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order Regarding Plaintiff's Motion to Compel
Page 6

Accordingly, it is hereby **ORDERED**:

1.      Plaintiff's Motion to Compel  Defendant Milemark to Produce Discovery (Docket No. 117) is **GRANTED**.

2.      Defendant Milemark, Inc.'s Motion For Extension of Time to File an Opposition to Daniel Giannini's Motion to Compel (Docket No. 123) is **DENIED AS MOOT**.

3.      Said Defendant shall supplement its responses to discovery as set forth hereinabove **on or before September 14, 2007**.

4.      **All factual discovery, including depositions, shall be completed on or before October 15, 2007.**

5.      Mediation shall be completed **on or before October 31, 2007**.


                                        ENTER:


Dated: August 31, 2007                  _____/s/_____
                                        GEORGE W. CANNON, JR.
                                        U.S. MAGISTRATE JUDGE