<div style="border: 1px solid black; text-align: center;">

## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

</div>

| | |
|---|---|
| **DANIEL GIANNINI,** | |
| **Plaintiff,** | **2005-CV-0096** |
| **v.** | |
| **Vessel HARBOR CAT a/k/a "THE OCEAN CLUB" her engines, tackle, apparel, gear, etc., and MILEMARK, INC.,** | |
| **Defendants.** | |

TO:   Scot F. McChain, Esq.
        Michael Fitzsimmons, Esq.
        E. Geoffrey Wolfe, Esq.

## ORDER REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT HARBOR CAT'S SECOND REQUEST FOR ADMISSION [sic] AND DEFENDANT MILEMARK, INC.'S MOTION FOR SANCTIONS

THIS MATTER is before the Court upon Plaintiff's Motion For Protective Order Regarding Defendant Harbor Cat's Second Request For Admission [sic] (Docket No. 125) and Defendant Milemark, Inc.'s Motion For Sanctions Pursuant to Fed. R. Civ. P. 37 (Docket No. 136).

Plaintiff's Motion For Protective Order concerns six (6) requests for admission that were propounded to Plaintiff regarding a specific document that Plaintiff presented to the

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order Regarding Plaintiff's Motion For Protective Order and Defendant Milemark, Inc.'s Motion For Sanctions
Page 2

Court during a hearing held July 3, 2007.  Defendant Vessel Harbor Cat filed a copy of the requests as an attachment to its response to said motion.  Having reviewed the requests for admission at issue, the Court finds that they are not burdensome, excessive, or cumulative.  Plaintiff argues that the requests "can be answered best through deposition,"  Motion at 1.  Even if the requests are proper subjects for deposition questioning, that fact does render the requests impermissible.  Consequently, the Court will deny Plaintiff's motion for protective order.

With regard to Defendant Milemark, Inc.'s motion for sanctions, the Court finds that Plaintiff has complied with the discovery order at issue and will execute the other authorizations identified in Defendant's said motion upon being supplied with a copy of the same.  Therefore, the Court finds that sanctions pursuant to Fed. R. Civ. P. 37 are not warranted.

Despite this instance where the Court chose to rule upon the foregoing motions, the Court reminds the parties and their counsel that they are required to comply with the requirements of LRCi 37 regarding any discovery motion.  LRCi 37.1 explicitly states, "Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for

*Giannini v. Vessel Harbor Cat*
2006-CV-0096
Order Regarding Plaintiff's Motion For Protective Order and Defendant Milemark, Inc.'s Motion For Sanctions
Page 3

hearing the motion or to eliminate as many of the disputes as possible."  LRCi 37.1.

Subparagraph 37.2 continues, "If counsel are unable to settle their differences, they shall

formulate a written stipulation."  LRCi 37.2.  Moreover, the "stipulation must be set forth

in one document signed by both counsel."  LRCi 37.2(a).  In the present matter, Plaintiff

and said Defendant filed bare motions, not a joint stipulation.  The Court hereby gives

notice that all future failure to follow correct procedure will result in the striking of any

procedurally-deficient motion.

Based upon the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Motion For Protective Order Regarding Defendant Harbor Cat's Second Request For Admission [sic] (Docket No. 125) is **DENIED**.

2. Defendant Milemark, Inc.'s Motion For Sanctions Pursuant to Fed. R. Civ. P. 37 (Docket No. 136) is **DENIED**.

ENTER:

Dated: September 17, 2007

_____/s/_____
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE