## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| DANIEL GIANNINI, | |
|                 Plaintiff, | 2005-CV-0096 |
|   v. | |
| Vessel HARBOR CAT a/k/a "THE OCEAN CLUB" her engines, tackle, apparel, gear, etc., and MILEMARK, INC., | |
|                 Defendants. | |

TO:   Scot F. McChain, Esq.
        Michael Fitzsimmons, Esq.
        E. Geoffrey Wolfe, Esq.

### ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO QUASH DEPOSITION NOTICED FOR DECEMBER 4 [sic], 2007

THIS MATTER is before the Court upon Plaintiff's Emergency Motion to Quash Deposition Noticed for December 4 [sic], 2007[,] or, in the Alternative[,] For a Protective Order that Defendant Milemark Pay Plaintiff's Travel Expenses Associated Therewith (Docket No. 190). Defendant Milemark, Inc., filed an opposition to said motion, and Plaintiff filed a reply thereto.

*Giannini v. Vessel Harbor Cat*
2005-CV-0096
Order Denying Plaintiff's Emergency Motion to Quash
Page 2

Plaintiff requests the Court either to cancel the deposition of Plaintiff currently scheduled for December 6,[1] 2007, or require Defendant Milemark, Inc., to pay for Plaintiff's expenses associated with appearing for his deposition as noticed. Plaintiff argues that he already has been deposed in this matter and that, consequently, said Defendant's notice of deposition without prior leave of court violates Fed. R. Civ. P. 30.

Rule 30 provides, in relevant part: "A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2)." Fed. R. Civ. P. 30(a)(1). Paragraph (2) requires leave of court "if, without the written stipulation of the parties, . . . (B) the person to be examined already has been deposed in the case." Fed. R. Civ. P. 30(b)(2)(B). However in the matter at bar, the Court finds that the parties had entered into a written stipulation for the continued deposition of Plaintiff, as evidenced by the exhibits attached to said Defendant's opposition, such that leave of court was not required. The Court also finds that the date of December 6, 2007, also was agreed upon by the parties. Thus, the Court finds that Plaintiff is not entitled to the quashing of the deposition notice.

---

1. While Plaintiff's motion states that the deposition at issue was noticed for December 4, 2007, it is clear from Defendant Milemark, Inc.' Opposition, the copy of the actual deposition notice (attached to said Defendant's Opposition as Exhibit G), and Plaintiff's Reply that the deposition is scheduled for December 6, 2007.

*Giannini v. Vessel Harbor Cat*
2005-CV-0096
Order Denying Plaintiff's Emergency Motion to Quash
Page 3

In the alternative, Plaintiff moves for a protective order, requiring said Defendant to pay Plaintiff's expenses associated with appearing for the deposition as noticed. Rule 26(c) of the Federal Rules of Civil Procedure grants courts the discretion to issue, "for good cause shown," orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the . . . discovery may be had only on specified terms and conditions . . . ." Fed. R. Civ. P. 26(c)(2). Such an order is appropriate only where the party seeking the order "show[s] good cause by demonstrating a particular need for protection." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citation omitted). "Good cause is established on a showing that [the discovery] will work a *clearly defined* and *serious injury* to the party seeking [protection]." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984) (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 891 (E.D. Pa. 1981) (emphasis added)). Although the showing of an injury arguably is not an overly burdensome standard to meet,[2] the "injury must be shown with specificity." *Publicker Indus., Inc.*, 733 F.2d at 1071 (citing *Zenith Radio Corp.*, 529 F. Supp. at 891). *See also Gelb*, 813 F. Supp. at 1034 (where the court quotes the District Court of the District of Columbia, "'[T]o establish good cause under Rule 26(c), courts have

---

2. As the *Pearson* court observed, "The injury shown . . . need be no more than "embarrassment' . . . ." *Pearson v. Miller,* 211 F.3d 57, 73 (3d Cir. 2000).

*Giannini v. Vessel Harbor Cat*
2005-CV-0096
Order Denying Plaintiff's Emergency Motion to Quash
Page 4

generally required a "particular and specific demonstration of fact . . . ."'"(citations omitted)). The United States Court of Appeals for the Third Circuit repeatedly has found that "[b]road allegations of harm unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (quoted in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). *See also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 484 (3d Cir. 1995) (where the court found that the movants failed to "articulate any specific, cognizable injury"). Despite Plaintiff's claims of inconvenience and expense, the Court finds that Plaintiff has failed to demonstrate, with particularity, the serious injury he will suffer by having to bear the expenses associated with attending the said deposition.

Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's Emergency Motion to Quash Deposition Noticed for December 4 [sic], 2007[,] or, in the Alternative[,] For a Protective Order that Defendant Milemark Pay Plaintiff's Travel Expenses Associated Therewith (Docket No. 190) is **DENIED**.

ENTER:

Dated: November 29, 2007                            /s/
                                                                    GEORGE W. CANNON, JR.
                                                                    U.S. MAGISTRATE JUDGE